UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 22-9382-JFW(JCx)**                                     Date:  February 23, 2023

Title:      Andrew Risk -v- United Airlines, Inc.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

   Shannon Reilly                                    None Present
   Courtroom Deputy                                Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                    None

**PROCEEDINGS (IN CHAMBERS):**     ORDER GRANTING PLAINTIFF ANDREW RISK'S MOTION TO REMAND CASE TO STATE COURT [filed 1/26/2023; Docket No. 19]

   On January 26, 2023, Plaintiff Andrew Risk ("Plaintiff") filed a Motion to Remand Case to State Court.  On February 6, 2023, Defendants United Airlines, Inc. ("United") and Brian Jackson ("Jackson") (collectively, "Defendants") filed their Opposition.  On February 10, 2023, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for February 27, 2023 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

   According to Plaintiff's Complaint, since September 2007 until his termination in December 2021, Plaintiff was employed as a pilot by United.  In August 2021, Plaintiff contracted COVID-19 and suffered from symptoms such as loss of taste, loss of smell, and difficulty breathing.  Complaint ¶ 14a. Upon learning of his diagnosis, Plaintiff informed the chief pilot's office and he was removed from all scheduled flights. *Id.*

   Plaintiff alleges that the Airmen Medical Examiner placed Plaintiff on a leave of absence pending medical clearance and informed Plaintiff that he could not obtain the COVID-19 vaccination at that time because it would place him at risk of severe harm.  Complaint ¶ 14b. Following this evaluation, on or about September 28, 2021, Plaintiff alleges that he sent an email to United's LAX Base Chief Pilot, Defendant Jackson, informing Jackson that he was not vaccinated because doing so in his present condition could detrimentally affect his health and that he needed

to remain on a leave of absence pending medical clearance.  *Id.*  According to Plaintiff's Complaint, Plaintiff also provided Jackson with supporting documentation from his doctor.  *Id.* The next day, Plaintiff alleges that he received an email and letter from Jackson, directing Plaintiff to attend an investigatory meeting on October 5, 2021, about Plaintiff's alleged failure to comply with United's vaccine requirements.  *Id.* at 14c.  However, according to Plaintiff's Complaint, that investigatory meeting was cancelled, apparently because United concluded that Plaintiff could not receive the COVID-19 vaccine due to his medical condition. *Id.* ¶ 14d.  Shortly thereafter, United sent an email to its employees stating that all employees must be vaccinated by November 21, 2021.  *Id.*  Upon recommendation from a nurse employed by United, Plaintiff alleges that he applied for an exemption to United's vaccination requirement.  *Id.*

In mid-November of 2021, Plaintiff was informed that his application for medical exemption had been denied.  *Id.* ¶ 14e.  During a video conference meeting on November 15, 2021 to investigate Plaintiff's failure to comply with the vaccine mandate, Jackson allegedly "threatened" Plaintiff with employment termination if he did not obtain the COVID-19 vaccine.  *Id.* ¶ 14f. According to Plaintiff, Jackson asked Plaintiff if he was vaccinated, and when he responded that he was not, Jackson stated that Plaintiff's answer "was all they needed to hear." *Id.*  According to Plaintiff's Complaint, Plaintiff informed those present at the meeting that his medical condition prevented him from getting vaccinated but "his statements were met with no response." *Id.*

On December 13, 2021, Plaintiff alleges that he emailed Defendants a copy of his medical records that confirmed his medical condition prevented him from being vaccinated. *Id.* ¶ 14g.  On December 14, 2021, during a second video conference meeting to discuss Plaintiff's failure to comply with United's vaccination requirements, Jackson again allegedly "threatened" Plaintiff with employment termination if he did not obtain the COVID-19 vaccine.  *Id.* ¶ 15a.  Plaintiff alleges that, in addition to presenting various doctors' notes confirming that his medical condition prevented him from receiving the vaccination, he told Jackson that he had complied with United's policies regarding applying for an exemption to the vaccination requirements and felt that he was being harassed for not being vaccinated.  *Id.* In response, Jackson allegedly "dismissively remarked that he would look over the information presented and get back to [Plaintiff] regarding his decision."  *Id.*

On December 16, 2021, Plaintiff received a letter from Jackson, notifying him that "he had been terminated for not being vaccinated. *Id.* ¶ 15b.  Plaintiff alleges Jackson's reason for his termination was "false and pretextual."  *Id.*

On November 28, 2022, Plaintiff filed a Complaint against Defendants in Los Angeles Superior Court, alleging the following causes of action: (1) discrimination in violation of California Government Code § 12940(h); (2) harassment in violation of California Government Code § 12940(h); (3) retaliation in violation of California Government Code § 12940(h); (4) failure to accommodate a disability in violation of California Government Code §§ 12940(a), (i), (m), (n), 12945(a)); (5) failure to engage in interactive process in violation of California Government Code §§ 12940(a), (i), (m), (n), 12945(a); (5); (6) failure to prevent discrimination, harassment, and retaliation in violation of California Government Code § 12940(k); (7) negligent hiring, supervision, and retention; (8) wrongful termination in violation of public policy; and (9) intentional infliction of emotional distress.  With respect to Jackson, Plaintiff alleges the following two causes of action: (1) harassment in violation of FEHA; and (2) intentional infliction of emotional distress.

On December 28, 2022, Defendants filed a Notice of Removal, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and, in relevant part, that Defendant Jackson was fraudulently joined.  Plaintiff moves to remand this action to Los Angeles County Superior Court, arguing in relevant part that this Court lacks diversity jurisdiction because: (1) both he and Defendant Jackson are citizens of California; and (2) Defendant Jackson was not fraudulently joined.

## II.     LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III.    DISCUSSION

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  Because Defendants have not met their burden of demonstrating that the parties are completely diverse, this Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

It is undisputed that both Plaintiff and Defendant Jackson are citizens of California.  Defendants, however, argue that Jackson has been fraudulently joined, and, thus, that his presence in this action should be ignored.  "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted).  If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent."  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added).  If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity.  *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence."  *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in state

defendant. *See Plute*, 141 F. Supp. 2d at 1008. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.*

The Court concludes that Defendants have not carried their burden of demonstrating fraudulent joinder. Defendants contend, in relevant part, that Jackson has been fraudulently joined because Plaintiff has failed to state a claim for harassment or intentional infliction of emotional distress based on Jackson's alleged conduct. Defendants' arguments are not sufficient to support removal on the basis of fraudulent joinder.

Under FEHA, it is unlawful "[f]or an employer . . . or any other person, because of ... physical disability, mental disability, medical condition . . . [or] age . . . to harass an employee." Cal. Gov't Code § 12940(j). "[H]arassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 707 (2009) (citations and internal quotation marks omitted). Harassment is "generally concerned with the message conveyed to an employee, and therefore with the social environment of the workplace, whereas discrimination is concerned with explicit changes in the terms or conditions of employment." *Id.* Unlike a discrimination claim, for which only an employer may be liable, an individual employee may be liable for workplace harassment (in addition to the employer)." *Ramirez v. Speltz*, 2015 WL 5882065, at *3 (N.D. Cal. Oct, 8, 2015).

For harassment to be actionable, "it must be sufficiently severe or pervasive 'to alter the conditions of the victim's employment and create an abusive working environment.' " *Aguilar v. Avis Rent A Car Sys.*, Inc., 21 Cal. 4th 121, 130 (1999) (*quoting Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67 (1986)). However, "[i]n 2019, the California Legislature clarified that '[a] single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive environment.'" *Vazquez v. Costco Wholesale Corp.*, 2021 WL 1784342, at *3 (C.D. Cal. May 5, 2021 (quoting Cal. Gov't Code § 12923(b)).

The Court cannot conclude, as a matter of law, that Plaintiff has no possibility of stating a claim for harassment against Jackson. Plaintiff alleges in relevant part that Jackson "threatened" him on multiple occasions with termination based on his failure to get vaccinated, dismissively remarked he would look over the information presented by Plaintiff, ignored his documentation that established that his medical condition prevented him from getting vaccinated, and ultimately terminated him for "false and pretextual reasons." It is possible that the totality of Jackson's actions could "send a message" to Plaintiff that he was not welcome because of his medical condition. *See Vazquez*, 2021 WL 1784342 at *4 ("Robles' statements requiring Plaintiff to remove her restrictions in order to work, which may constitute per se disability discrimination, combined

with Robles' statements making Plaintiff feel bad that others were being asked to work harder or carry her load, could 'send a message' to Plaintiff that she was not welcome because of her disability."). Although Defendants argue that Jackson's alleged "ordinary" or "routine" personnel decisions cannot constitute harassment as a matter of law, the California Supreme Court has confirmed that personnel management actions may be considered in support of a harassment claim.  *Roby*, 47 Cal.4th at 708. In any event, it is unnecessary for the Court to determine whether these allegations state a claim for harassment (or intentional infliction of emotional distress).  As the court stated in *Stanbrough v. Georgia-Pacific Gypsum LLC*, 2009 WL 137036 (C.D. Cal. Jan. 20, 2009):

> But even if the Court presumes for purposes of discussion that the complaint does not allege sufficient facts to meet this requirement [of pervasive harassment] as to [the supervisor], Defendants have failed to demonstrate fraudulent joinder. . . . Defendants must demonstrate that Plaintiffs could not possibly state a claim against [the supervisor] in state court. Even if the allegations in Plaintiffs' complaint are insufficient to withstand a demurrer in state court, an issue as to which the Court offers no opinion, Defendants have not sufficiently established that Plaintiffs could not amend their complaint and add additional allegations to correct any deficiencies. In other words, the complaint's shortcomings, if any, are strictly factual; Plaintiffs clearly may pursue a cause of action for harassment against [the supervisor] under section 12940(j)(3) of the California Government Code if they can allege sufficient facts.

*Id.* at *2.  Indeed, even if Plaintiff's complaint fails to allege sufficient facts to plead a viable harassment or intentional infliction of emotional distress claim against Jackson, Defendants have failed to show that Plaintiff will be unable to amend his complaint to add additional allegations or facts supporting his claims.  "Parties may not expand federal jurisdiction beyond its statutory boundaries by using fraudulent joinder-based removal as a replacement for a state court demurrer." *Lizari v. CVS Pharmacy Inc.*, 2011 WL 223806, at *3 (C.D. Cal. Jan. 20, 2011).

Accordingly, the Court concludes that Defendant Jackson was not fraudulently joined. Thus, this Court lacks diversity jurisdiction.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand Case to State Court is **GRANTED**. This action is **REMANDED** to Los Angeles County Superior Court.

IT IS SO ORDERED.